# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Wiggins, | No. CV-19-00016-PHX-JJT (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation (Doc. 40, R&R) submitted by United States Magistrate Judge Camille D. Bibles recommending the Court deny the Amended Petition for federal habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 11). Petitioner timely filed Objections to the R&R (Doc. 41, Obj.), and Respondents filed their Response to those Objections. (Doc. 42, Resp.) Petitioner also filed a Motion to Supplement Exhibit to Petition for Writ of Habeas Corpus, seeking to provide a declaration from his mother pertaining to a genetic condition affecting Petitioner. (Doc. 43.) The Court will grant the Motion to Supplement.

In the R&R, Judge Bibles's analysis addresses, one by one, Petitioner's eight grounds as set forth in the Amended Petition, each of which encompasses a different aspect of charged ineffective assistance of counsel, as well as a claim of actual innocence Petitioner first raises in his Supplement to the Amended Petition (Doc. 37). While Judge Bibles noted that some of the grounds might well be procedurally defaulted, as Respondents argued, she chose to analyze them on their merits. (R&R at 15, citing

28 U.S.C. § 2254(b)(2) and *Runningeagle v. Ryan*, 686 F.3d 758, 769 n.3 (9th Cir. 2012)). Upon that analysis, Judge Bibles concluded that all grounds should be denied.

Upon *de novo* review, The Court accepts Judge Bibles's analysis and conclusions in full. Where Petitioner did properly exhaust claims of ineffective assistance of counsel by raising them to the state courts, those courts' denial of same was not contrary to law or an unreasonable application of the applicable federal law as set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). And although several of the claims could be denied simply for failure to exhaust resulting in procedural default, even if the Court reached to evaluate them on the merits, those remaining ineffective assistance claims fail under the *Strickland* standard as well, as Judge Bibles exhaustively and painstakingly laid out. (R&R at 18-29.) Finally, Judge Bibles correctly concluded, as does this Court, that Petitioner's actual innocence claim is not cognizable in federal habeas review, and even if it were, Petitioner fails to present evidence sufficient to meet the threshold to affirmatively prove innocence. *See, e.g., House v. Bell*, 547 U.S. 518, 555 (2006); *Jackson v. Calderon*, 211 F.3d 1148, 1165 (9th Cir. 2000).

In his Objections, Petitioner failed to demonstrate any error in the R&R's analysis. Petitioner's argument that Judge Bibles merely speculated as to the existence of evidence that Petitioner was the driver of the vehicle (Obj. at 2-3) is belied by the record, with which he is stuck. Judge Bibles quoted in her R&R from Petitioner's own counsel's summary of testimony at trial, which provided that Officer Kallberg, upon arrival at the scene, "saw [Petitioner] coming from the driver's side of the Toyota." (R&R at 23.) Petitioner would argue such evidence does not prove he was driving, but that is not the test. The test is whether sufficient evidence exists from which a rational trier of fact could conclude a fact, and this evidence meets that test.

Next, as Respondents point out in their Response, Petitioner's argument that Judge Bibles "recognized support for a freestanding claim of actual innocence," (Obj. at 3) is incorrect. Judge Bibles did no such thing. (R&R at 30.)

. . . .

Finally, Petitioner's argument for release due to the pending COVID-19 pandemic is beyond the scope of this Section 2254 Petition. Petitioner argues he states a "Derivative Claim under Section 2241 for Conditions of Confinement" (Obj. at 3). This has nothing to do with the recommendations Judge Bibles made in the R&R and is not properly raised in the instant proceeding. Moreover, Petitioner appears to be making an argument analogous to a motion for compassionate release under 18 U.S.C §§3582(c)(1)(A) or, in the alternative, for home confinement under 34 U.S.C. § 60541, the Federal Prisoner Re-entry Initiative. Such relief is potentially available to defendants convicted of federal offenses and in the custody of the United States Bureau of Prisons. Defendant is neither convicted of a federal offense nor in federal custody.

IT IS ORDERED granting Petitioner's Motion to Supplement Exhibit to Petition for Writ of Habeas Corpus (Doc. 43).

IT IS FURTHER ORDERED overruling the Objections (Doc. 41) and adopting in whole the R&R submitted by Judge Bibles in this matter (Doc. 40).

IT IS FURTHER ORDERED denying the Amended Petition for federal habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 11).

IT IS FURTHER ORDERED denying a certificate of appealability or leave to proceed *in forma pauperis* on appeal. Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 1st day of March, 2021.

Honorable John J. Tuchi
United States District Judge